IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEMITRI BROWN and** | § | |
| **DONNA EVANS-BROWN**, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-3950-L** |
| | § | |
| **CHRISTOPHER B. BRIDGES, ROBERTA** | § | |
| **SHIELDS, and DISTURBING THA PEACE** | § | |
| **ENTERTAINMENT COMPANY, INC.**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion to Remand, filed October 31, 2012. After careful consideration of the motion, response,[1] record, and applicable law, the court **grants** Plaintiffs' Motion to Remand, but it does so on a basis other than that urged by Plaintiffs.

**I.   Background**

Demitri Brown and Donna Evans-Brown ("Plaintiffs" or "the Browns") originally filed this action against Defendants Christopher B. Bridges ("Bridges"), Roberta Shields ("Shields"), and Disturbing Tha Peace Entertainment Company, Inc. ("DTPEC") (collectively, "Defendants") on August 30, 2012, in the 44th Judicial District Court, Dallas County, Texas. The Browns sued Defendants for trademark and trade name infringement under Texas common law and the Texas Anti-Dilution Statute (Tex. Bus. & Comm. Code Ann. § 16.29). They also seek relief pursuant to the Texas Declaratory Judgment Act (Tex. Civ. Prac. & Rem. Code Ann. § 37.003 *et al.*). Bridges

---

[1] Plaintiffs did not file a reply to the response of Defendant Christopher B. Bridges.

**Memorandum Opinion and Order - Page 1**

removed this action to federal court on October 1, 2012, contending that complete diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. At the time of removal, Shields and DTPEC had not been served.

## II.     Applicable Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

As Bridges removed this action on the basis of diversity jurisdiction, Plaintiffs' argument that no federal question exists is quite beside the point. Accordingly, the court disregards Plaintiffs'

argument. The court, however, *sua sponte* determines, for the reasons herein stated, that while Bridges has met his burden in establishing the amount-in-controversy requirement, he has failed to carry his burden in establishing that diversity of citizenship exists between the parties.

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

The law regarding the citizenship of natural persons and corporation is well established. A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residency' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem*

*Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## III. Discussion

With respect to citizenship of the parties, the record reflects that the Browns are "residents of Texas." Plaintiffs' Original Pet. ¶ 3. Defendants "collectively and separately [ ] are citizens and/or residents of Georgia." *Id.* ¶ 4. As residency and citizenship are not the same, allegations of residency do not establish citizenship. *Parker*, 59 U.S. at 141; *Preston*, 485 F.3d at 799. The court simply cannot determine the citizenship of the Browns based on what is in the record. Likewise, the court cannot determine the citizenship of Defendants, as the information in Plaintiffs' Original Petition ("Petition") is deficient and uncertain. Moreover, DTPEC is a corporate entity, and neither the Petition nor the Notice of Removal sets forth any allegations as to the state of its incorporation

or principal place of business. Bridges has only set forth diversity of residence as to Plaintiffs and Defendants; however, the law requires diversity of *citizenship*. For these reasons, Bridges fails to affirmatively and distinctly allege the basis upon which diversity of citizenship exists; and the basis for jurisdiction may not be established by argument or mere inference. *Getty*, 841 F.2d at 1259. As the basis for diversity of citizenship has not been sufficiently alleged or established, the court is unable to determine from the record whether complete diversity of citizenship exists between the parties. Accordingly, remand of this action is required.[2] *Stafford*, 945 F.2d at 805.

**IV.   Conclusion**

For the reasons herein sated, Bridges has failed to establish that diversity of citizenship exists between the parties. The court therefore lacks subject matter jurisdiction over this action and **grants** Plaintiffs' Motion to Remand on this ground as opposed to that asserted by Plaintiffs. Accordingly, the court, pursuant to 28 U.S.C. § 1447(c), **remands** this action to the 44th Judicial District Court, Dallas County, Texas. The clerk of the court shall effect this remand in accordance with the usual procedure.

**It is so ordered** this 26th day of November, 2012.

Sam A. Lindsay
United States District Judge

---

[2] Although Shields and DTPEC had not been served at the time of removal, "the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) (citations omitted). Thus, the court considers the diversity of all *named* defendants, regardless of whether all defendants have been served, in determining whether jurisdiction exists.